RENDERED:  JANUARY 9, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0002-MR

JOHN T. MCGUFFIN                                                                APPELLANT

v.          APPEAL FROM BUTLER CIRCUIT COURT
          HONORABLE TIMOTHY R. COLEMAN, JUDGE
                ACTION NO. 21-CR-00137

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND ECKERLE, JUDGES.

COMBS, JUDGE:  Appellant, John McGuffin, appeals from an Order of the Butler

Circuit Court partially denying his motion to vacate under CR[1] 60.02.  After our

review, we affirm.

---

[1] Kentucky Rule of Civil Procedure.

On November 2, 2021, a Butler County Grand Jury indicted McGuffin for Engaging in Organized Crime/Criminal Syndicate, Trafficking in a Controlled Substance (TICS) in the First Degree (Second Offense, Fentanyl), TICS in the First Degree (Second Offense, greater than or equal to 2 grams of Methamphetamine), Trafficking in Marijuana (Second Offense, less than 8 ounces), TICS in the First Degree (Second Offense, Hydrocodone), Tampering with Physical Evidence, and being a Persistent Felony Offender in the First Degree.

On November 8, 2021, the Commonwealth filed Lis Pendens notices of intent to file forfeiture proceedings pursuant to KRS[2] 218A.410(2) regarding McGuffin's interest in certain real property.

McGuffin subsequently entered into a plea agreement by which he agreed to plead guilty to TICS in the First Degree (Second Offense Fentanyl) with the other charges to be dismissed in exchange for a 12-year sentence. He agreed to forfeit all property seized, personal property, and any interest in the real property at 9814 Caneyville Road. The Commonwealth then would release its Lis Pendens on the other property at 10387 Caneyville Road.

The trial court accepted the plea and entered judgment on December 21, 2022, having found that McGuffin understood the penalties, that he knowingly

---

[2] Kentucky Revised Statutes.

and voluntarily waived the right to appeal to a higher court, that the plea was voluntary, and that McGuffin was mentally competent.

By Order entered February 23, 2023, the trial court sentenced McGuffin to 12 years and further ordered that "Defendant shall forfeit any interest in real property located at 9814 Caneyville Road . . . . And Commonwealth to release Lis Pendens on property located at 10387 Caneyville Road. . . ."

On May 4, 2023, the Commonwealth filed a notice-motion to forfeit and direct sale of the subject real property. On May 18, 2023, McGuffin filed a motion asking that the court reserve its ruling on the Commonwealth's motion until a forfeiture hearing could be held. At motion hour on May 19, 2023, defense counsel explained that McGuffin now thought that what he had agreed to constituted an illegal fine. The court advised that it had ordered the forfeiture in the sentencing Order, that it was "not going to piecemeal the sentencing Order," and that if McGuffin wanted to withdraw his plea, the court would consider such a motion. It added: "But, if we go into saying that he didn't get due process and that kind of stuff, we will re-look at the whole thing. We'll have to have a trial."

After noting that it had "previously ordered on February 23, 2023, that the property shall be forfeited to the Commonwealth of Kentucky for sale[,]" the court entered an order on May 19, 2023, that the subject property be forfeited and directed that the Butler County Sheriff's Department sell it.

On August 8, 2023, the parties tendered an Agreed Order at motion hour. The Commonwealth's attorney explained that "this agreement . . . finalizes all issues as to forfeiture[.]" McGuffin's attorney advised the court that he had been "in in-depth conversations with John McGuffin. . . . He allowed me to sign the Agreed Order as his attorney, he agreed to that." The Agreed Order entered August 8, 2023, states that McGuffin "is forgoing or withdrawing any pending motions concerning the forfeiture of real property located at 9814 Caneyville Road[.]" It also recited that the "real property located at 9814 Caneyville Road is **FORFEITED** to the Butler County Sheriff's Department Drug Fund for sale forthwith." (Emphasis original.)

Three months later, on November 14, 2023, McGuffin, *pro se*, filed a motion to vacate pursuant to CR 60.02(e) and (f).[3] McGuffin argued that the circuit court "excessively fined" him when it seized property and cash in violation of his Eighth-Amendment right under the United States Constitution and KRS 534.030.[4] Ultimately, on November 15, 2024, the circuit court entered an Order partially denying McGuffins' CR 60.02 motion as follows in relevant part:

---

[3] In relevant part CR 60.02 provides, "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds . . . (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief."

[4] KRS 534.030 governs fines for felonies.

[McGuffin] requested relief for excessive fines levied by this Court. The Court did not, however, order the payment of fines by the Defendant as a part of his negotiated plea agreement, the Defendant agreed to forfeit property seized at the time of his original arrest as well as his interest in certain real property that was connected to his drug trafficking operation. The Court finds that the agreement between the parties for the forfeiture of the property, real and personal, was in accordance with statute, reasonable under the facts surrounding the case, and was not unconscionable or in violation of the Defendant's rights under U.S. Constitution or Kentucky Constitution. As such, the Defendant's motion regarding that issue is **DENIED**.

(Emphasis original.)

McGuffin, *pro se*, appeals. He contends that the trial court abused its discretion in denying the requested relief.

CR 60.02 . . . allows a judgment to be corrected or vacated based upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the parties seeking relief. CR 60.02 is meant to provide relief which is not available by direct appeal or under RCr 11.42. In order to be eligible for CR 60.02 relief, the movant must demonstrate why he is entitled to this special, extraordinary relief.

. . .

Given the high standard for granting a CR 60.02 motion, a trial court's ruling on the motion receives great deference on appeal and will not be overturned except for an abuse of discretion.

*Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998) (internal quotation marks and citations omitted).

After carefully review the record, we have found no abuse of discretion in the trial court's ruling. Moreover, McGuffin specifically waived the issue by entering into the August 8, 2023, Agreed Order "forgoing or withdrawing any pending motions concerning the forfeiture" of the subject real property. "[E]rrors that amount to a waiver, *i.e.*, invitations that reflect the party's knowing relinquishment of a right, are not subject to appellate review." *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 38 (Ky. 2011) (quoting *United States v. Perez*, 116 F.3d 840 (9th Cir. 1997)).

We affirm the Order of the Butler Circuit Court denying relief pursuant to CR 60.02.


ALL CONCUR.

BRIEFS FOR APPELLANT:

John McGuffin, *Pro Se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky